UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RAYMOND TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:10-CV-336-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| E. D. WILSON, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Raymond Taylor ("Taylor") is incarcerated in the United States Penitentiary - McCreary ("USP-McCreary") in Pine Knot, Kentucky. He has filed the instant habeas corpus petition, pursuant to 28 U.S.C. § 2241, challenging the legality of his conviction for the armed robbery of a Domino's Pizza in Washington, D.C., in November of 1988.[1] For the reasons set forth below, Taylor is not entitled to relief under § 2241, and the Court will deny his petition and dismiss this proceeding.

**I.**

In July of 1988, Taylor and co-defendant Raymond White were charged in a two-count indictment in the District of Columbia Superior Court for the armed robbery of two different Domino's Pizza Restaurants in Washington, D.C., on two different occasions, April 18 and 21,

---

[1] As the $5.00 filing fee has been paid, the Court screens the petition to determine whether Taylor is entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)); *see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

1988. Taylor proceeded to trial and was convicted of the armed robbery occurring on April 21.[2]
Taylor states that on January 5, 1989, he was sentenced to a prison term of not less than ten years but not more than thirty years.[3]

Taylor appealed his conviction to the Court of Appeals for the District of Columbia, which affirmed his conviction on December 19, 1990. *See Raymond Taylor v. United States*, Appeal No. 89-152 (D.D.C. 1990). Taylor makes no statement that he subsequently mounted a collateral attack on his conviction by filing a motion in the trial court to vacate or set aside his sentence, pursuant to D.C. Code § 23-110, or any other motion concerning his conviction.

In his habeas petition, Taylor asserts that he received ineffective assistance of appellate counsel during the appeal of the subject conviction in that his appellate counsel, Paul J. Riley, Esq., failed to raise on appeal Taylor's claim that his trial counsel, Diane S. Lepley, Esq., was ineffective because she did not attend a police line-up on June 21, 1988.

**II.**

Taylor is not entitled to relief under § 2241 because this Court has no jurisdiction to entertain the collateral attack he makes in the present habeas petition. To explain the absence of jurisdiction, a brief review of the District of Columbia's court system is required. Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." *Blair-Bey v. Quick*, 151 F.3d 1036, 1042

---

[2] The jury was unable to reach a verdict as to the robbery on April 18, and a mistrial was declared on that count.

[3] The Federal Bureau of Prisons website, www.bop.gov, indicates that Taylor's projected release date is February 2, 2062. Thus, it appears that Taylor has additional prison time to serve for other convictions.

(D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1970) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." *Blair-Bey*, 151 F.3d at 1042 (citing D.C. Code § 23-110).

> D. C. Code Section 23-110(g) provides:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.[4]

(Emphasis added). Accordingly, prisoners sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. *Garris v. Lindsay*, 794 F.2d 722, 725 (D.C. Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986); *see also Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the

---

[4] The comparable section, 28 U.S.C. § 2255, reads in pertinent part as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

sentencing court - the Superior Court - pursuant to D.C. Code § 23-110.").  If that avenue proves unsuccessful, the prisoner may then pursue an appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system.  *See Garris*, 794 F.2d at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one** . . . ."  *Blair-Bey*, 151 F.3d at 1042 (emphasis added).  In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court . . . ."  *Swain v. Pressley*, 430 U.S. 372, 377 (1977).  In *Swain*, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a D. C. Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully. 430 U.S. at 377-78.  Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'"  *Garris*, 794 F.2d at 726 (citations omitted).  Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective' . . . ."  *Blair-Bey*, 151 F.3d at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review."

4

*Perkins v. Henderson*, 881 F. Supp. 55, 59 (D.D.C. 1995); *see also Swain*, 430 U.S. at 377 ("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255"). Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it . . . ." *Garris*, 794 F.2d at 727; *see also David v. Bragg*, Civ. A. No. 90-2731, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991) ("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.") Yet, the remedy provided by § 23-110 is not inadequate or ineffective merely because a defendant might have been unsuccessful in pursuing it. *See Garris*, 794 F.2d at 727; *cf. Boyden v. United States*, 463 F.2d 229, 230 (9th Cir. 1972) (per curiam) (lack of success on § 2255 motion does not render remedy inadequate or ineffective), *cert. denied*, 410 U.S. 912 (1973), and *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) ("Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied."). *See also Perkins*, 881 F. Supp. at 59, n.5 (citing *Garris*, 794 F.2d at 727) ("[a] petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them.")

Similarly, a petitioner's remedy under § 23-110 is not considered inadequate or ineffective merely because his claims raised in a post-conviction motion have been denied as procedurally barred, rather than denied on the merits. Discussing the analogous § 2255 context, the Sixth Circuit has held that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . **or because the petitioner is procedurally barred from pursuing relief under § 2255** . . . or because the petitioner has been

5

denied permission to file a second or successive motion to vacate . . . ." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (emphasis added); *see also United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008 (2001). Instead, under § 2255, that remedy is inadequate only if it denies a defendant "**any** opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a non-existent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original); *see also In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002).

In the present case, Taylor has not been imprisoned for a non-existent offense, and his exclusive opportunity to collaterally challenge his underlying conviction under D.C. Code § 23-110 arose after the Court of Appeals for the District of Columbia affirmed his conviction on December 19, 1990. Thus, Taylor cannot be heard to argue that he has been denied "any opportunity for judicial rectification" of the alleged defects in his conviction, and Taylor has failed to demonstrate that the remedy provided by § 23-110 was inadequate or ineffective. Absent such a showing, this court lacks jurisdiction to entertain the claims in his petition for habeas corpus.

For all of the foregoing reasons, this Court cannot provide Taylor with the relief he seeks in his § 2241 petition, as this Court is not authorized to vacate and set aside his conviction and award him a new trial. That relief can only be supplied by either the District of Columbia Superior Court (the trial court) or the appellate court with jurisdiction over Taylor's case. Taylor's § 2241 petition will be denied, and this action will be dismissed.

### III.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Raymond Taylor's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [R. 2] is **DENIED**;

(2) This action will be **DISMISSED**, *sua sponte*, with prejudice from the docket; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, E. D. Wilson, Warden at USP-McCreary.

This the 8th day of June, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge